# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

PATRICIA K. HUDDLESTON,        )
                               )
            Plaintiff,         )
                               )
v.                             )    Case No. CIV-16-346-KEW
                               )
NANCY A. BERRYHILL, Acting     )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## OPINION AND ORDER

Plaintiff Patricia K. Huddleston (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED to Defendant for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 57 years old at the time of the ALJ's decision. Claimant obtained her GED and completed truck driving school. Claimant has worked in the past as a truck driver, shipping supervisor, and palletizer operator. Claimant alleges an inability to work beginning April 10, 2010 due to limitations resulting from migraine headaches, chronic obstructive pulmonary disease ("COPD"),

arthritis, depression, and suicidal thoughts.

## Procedural History

On November 12, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 19, 2015, an administrative hearing was held before Administrative Law Judge ("ALJ") Richard Kallsnick in Tulsa, Oklahoma. By decision dated April 16, 2015, the ALJ denied Claimant's requests for benefits. The Appeals Council denied review on July 8, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work. The ALJ also found Claimant could perform work at a medium exertional level.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in improperly rejecting the opinion of a consultative examiner.

**Consideration of the Opinion Evidence**

In his decision, the ALJ found Claimant suffered from the severe impairments of migraine headaches and COPD by history. (Tr. 12). The ALJ determined Claimant retained the RFC to perform medium work. He noted Claimant takes medication for relief of migraine headaches but that most of the medication is over the counter with no limitations or restrictions as far as the medications go with Claimant being able to remain reasonably alert to perform the required functions presented in the work setting. (Tr. 15).

After consultation with a vocational expert, the ALJ found Claimant could perform her past relevant work as a truck driver, shipping supervisor, and palletizer. (Tr. 19). Alternatively, the ALJ found Claimant retained the RFC to perform the representative jobs of hand packager, laundry worker, mailroom clerk, and laundry sorter, all of which were found by the ALJ to exist in sufficient numbers in both the national and regional economies. (Tr. 21). As a result, the ALJ determined Claimant was not disabled from April 10, 2010 through the date of the decision. Id.

Claimant contends the ALJ failed to properly evaluate the

opinion of Dr. Kenny Paris, a consultative examining licensed psychologist. Dr. Paris examined Claimant on January 15, 2014. He noted that her vocabulary was "low average" and her comprehension was "below average." (Tr. 360). Dr. Paris diagnosed Claimant with major depressive disorder, recurrent, mild to moderate. He estimated her GAF at 50. Psychologically, Dr. Paris concluded that based upon Claimant's symptoms, history, and performance on the examination, "her ability to perform adequately in most job situations, handle the stress of a work setting and deal with supervisors or co-workers is estimated to be below average." (Tr. 361).

The ALJ cited Dr. Paris' findings, including the limitation upon her ability to handle stress in the workplace. He concluded that Dr. Paris' opinions were "given considerable weight as they do not indicate any significant psychological or cognitive abnormalities and are consistent with a finding of a non-severe mental impairment." (Tr. 13).

Claimant first contends that the limitation found by Dr. Paris met the criteria of a severe mental impairment at step two. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20

C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

The inconsistency in the ALJ giving considerable weight to Dr. Paris' opinion while not accepting the limitation he found is apparent. He should have explained the basis for not including the inability to handle stress at step two. Even if the impairment is

ultimately found to not be severe, the ALJ should explain why he failed to include any restriction for this circumstance in the RFC.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. The acceptance of a portion of Dr. Paris' opinion which supported a finding of non-disability while failing to explain the basis for effectively rejecting the portion that did not support such a finding creates the type of ambiguity which must be resolved on remand.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth

sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED to Defendant for further proceedings**.

IT IS SO ORDERED this 22nd day of September, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE